Ruiz v Laophermsook (2024 NY Slip Op 06282)

Ruiz v Laophermsook

2024 NY Slip Op 06282

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 157136/19 Appeal No. 3233 Case No. 2023-06577 

[*1]Catalina (Kathy) Ruiz, Plaintiff-Appellant,
v
Roe Laophermsook, Defendant-Respondent.

Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for appellant.
Daniel Szalkiewicz & Associates, P.C., New York (Daniel S. Szalkiewicz of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about September 20, 2023, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the defamation claim and the related claim for an injunction, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for proceedings consistent with this decision.
This court finds that the statements defendant placed on his LinkedIn page were "of and concerning" plaintiff (Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86 [2016] [internal quotation marks omitted]). While it is not necessary for a plaintiff to be named, a plaintiff "must plead and prove that the statement referred to them and that a person hearing or reading the statement reasonably could have interpreted it as such" (id.). The allegedly defamatory statement must be susceptible of a reasonable interpretation by those acquainted with the parties (see Carlucci v Poughkeepsie Newspapers, 57 NY2d 883, 885 [1982]).
Here, it is clear that defendant was referring to plaintiff in his LinkedIn post. Among other things, his post, which accused a female "freelancer" of taking credit for work at his company and claiming it as her own, contained enough identifying information, including a link to her website, sufficient to establish as a matter of law that the post was "of and concerning" plaintiff. Moreover, the final line of the post referenced plaintiff by name, and the responses to the post indicated that certain readers recognized that plaintiff was the target of the post.
As we are reinstating plaintiff's defamation cause of action, we are likewise reinstating plaintiff's claim for a permanent injunction for consideration along with the merits of plaintiff's defamation claim (see R.C. v City of New York, 229 AD3d 173, 176 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024